IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VIRGINIA E. RICHARDS,

        Plaintiff,

v.                           CIVIL ACTION NO.  2:11-cv-00907

VANDERBILT MORTGAGE AND FINANCE, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff, Virginia Richard's Motion to Remand [Docket 7]. For the reasons discussed below, this motion is **GRANTED**.

**I.    Background**

This case arises out of allegations by the plaintiff that the defendant, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") engaged in predatory lending and illegal debt collection practices in violation of West Virginia law.  The Complaint was filed in the Circuit Court of Kanawha County, West Virginia, on November 16, 2010.  (Compl. [Docket 1-1]).  The Complaint seeks, among other things, "A declaration that Plaintiff's loan was induced by unconscionable conduct, and is void and unenforceable."  (*Id.* ¶ 23).  The Complaint also includes an affidavit of the plaintiff, stipulating "that all of her alleged damages set forth in the Complaint are no greater than $75,000, inclusive of attorney's fees and court costs."  The affidavit further states:  "To the extent any award of the court and/or jury, inclusive of attorney fees, would be in excess of a

combined $75,000.00, the Plaintiff stipulates that she will not be entitled to recover said excess." (Aff. of Virginia Richards [Docket 1-1]).

On November 15, 2011, nearly one year after the case was originally filed, the defendant removed the case to this court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332. (*Id.*) The plaintiff has filed the instant motion seeking to have the case remanded. She asserts that removal was not timely and that, in any event, this court lacks jurisdiction because the amount in controversy does not exceed $75,000.

## II. Motion to Remand

### a. Standard of Review

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value or the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n.*, 432 U.S. 333, 347 (1977).

### b. Analysis

In this case, the plaintiff seeks money damages and a declaration that her loan from the defendant is unenforceable and void. The original principal amount of the disputed loan was $46,655.99, including prepaid finance charges. The plaintiff claims that the current value of the loan is approximately $46,000. The defendant, however, asserts that the value of the loan is $108,801.60, well over the amount in controversy requirement.

In reaching the $108,801.60 figure, Vanderbilt's assessment is equivalent to the amount of the expected total payments on the loan agreement. (Consumer Loan Note and Security Agreement, Notice of Removal ex. B [Docket 1-2]). This figure includes the total amount the plaintiff would pay if she were to repay the loan exactly according to the expected payment schedule. This calculation, therefore, includes not only the present value of the loan and past loan payments, but also future expected payments and interest not yet accrued. The defendant has cited no law to support such a speculative method of valuation. I will not reach the question of the appropriate method of valuation, however, because removal of this case was not timely.

A defendant who wishes to remove a case to federal court generally must do so within thirty days of service of the initial pleading. 28 U.S.C. § 1446(b). The statute goes on to provide an exception to the thirty day deadline in a limited set of cases:

> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (emphasis added).

In this case, the defendant clearly did not comply with the thirty-day removal deadline set forth in 28 U.S.C. § 1446(b). The defendant nonetheless asserts that its removal was timely under

the exception set forth in the second paragraph of the rule, quoted above. Specifically, the defendant relies on the portion of the exception known as the "other paper doctrine."

The other paper doctrine permits a defendant to remove a case to federal court within thirty days of receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* In this case, the defendant contends that the plaintiff's October 24, 2011 response to the defendant's request for admissions is such an "other paper." The admission upon which the defendant seeks to rely states: "Admit that the alleged damages set forth in your Complaint that you stipulated to remain under $75,000 include the total amount of your loan with VMF which is sought to be voided under the Complaint." (Notice of Removal, ex. C [Docket 1-3]). In response, the plaintiff simply stated: "Admit." (*Id.*)

The defendant characterizes the October admission as "the first unequivocal, written statement that Plaintiff sought to void the entire loan amount as damages." (Def.'s Resp. Mot. Remand [Docket 12]). Thus, according to the defendant, the case first became removable when the response was delivered on October 24, 2011. The court is not persuaded by this argument. It is abundantly clear from the record that the plaintiff's admission was not the first time the plaintiff unequivocally stated that she sought to void the loan. Rather, the Complaint explicitly seeks "[a] declaration that Plaintiff's loan was induced by unconscionable conduct, and *is void and unenforceable*." (Compl. at ¶ 23 [Docket 1-1]) (emphasis added). There is nothing in the admission that indicates the plaintiff is seeking any additional relief beyond that sought in the complaint. If this case ever was removable—which is doubtful given the binding stipulation by the plaintiff—it was removable based on the complaint. Therefore, the other paper doctrine does not apply, and the thirty day removal period began to run when the complaint was filed.

- 4 -

Because the defendant failed to remove the case within the thirty day period required by 28 U.S.C. § 1446, the court **FINDS** that removal of this case was not timely. For these reasons, the court hereby **ORDERS** that this case be **REMANDED** to the Circuit Court of Kanawha County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 8, 2012

_____
Joseph R. Goodwin, Chief Judge